IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES STEPHENS,

    Petitioner,

v.                                      CASE NO. 2:08-CV-470
                                         JUDGE FROST
                                         MAGISTRATE JUDGE KING

MICHAEL SHEETS, Warden,

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the *Amended Petition*, respondent's *Return of Writ* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge concludes that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d) and therefore **RECOMMENDS** that this action be **DISMISSED.**

**PROCEDURAL HISTORY**

Petitioner was indicted by the Franklin County grand jury on aggravated murder in violation of O.R.C. §2903.01, aggravated robbery in violation of O.R.C. §2911.01, and two counts of robbery in violation of O.R.C. §2911.02, with firearm specifications. *Exhibit 1 to Return of Writ.* On September 16, 2003, and pursuant to the terms of his negotiated plea agreement, petitioner pleaded guilty to involuntary manslaughter in violation of O.R.C.

§2903.03 with a firearm specification. *Exhibit 2 to Return of Writ.* On October 31, 2003, the trial court sentenced petitioner to nine years incarceration plus three years on the firearm specification. *Exhibit 5 to Return of Writ.* On November 24, 2003, the trial court issued a corrected judgment entry of sentence. *Exhibit 7 to Return of Writ.*

Petitioner did not file an appeal; however, almost four years later, on October 3, 2007, he filed a petition for post conviction relief with the state trial court, alleging that he had been sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). *Exhibit 8 to Return of Writ.* On August 1, 2007, the trial court denied petitioner's post conviction petition. *Exhibit 11 to Return of Writ.* On November 5, 2007, the appellate court dismissed petitioner's subsequent appeal, holding that the denial of a motion for judicial release did not constitute a final appealable order. *Exhibit 14 to Return of Writ.* On March 26, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *Exhibit 17 to Return of Writ.*

On May 15, 2008, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner executed the petition on April 23, 2008. On June 9, 2008, petitioner filed an amended habeas corpus petition in which he alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

>    1. Petitioner's constitutional due process rights [were] violated in post conviction proceedings.
>
>    2. My conviction was induced resulting from ineffective assistance of counsel.
>
>    3. My constitutional rights were violated by the prosecutor

withholding evidence.

4.  My conviction is void on Eighth Amendment grounds "actual innocence."

It is the position of the respondent that this action is barred by the one-year statute of limitations.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Petitioner's conviction became final on December 24, 2003, *i.e.*, thirty days after the filing of his November 24, 2003, corrected judgment entry of sentence, when the time to file a timely appeal expired. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on December 24, 2004. Petitioner did not execute the instant habeas corpus petition until April 23, 2008, more than three years later. His October 3, 2007, post conviction petition did not toll the running of the statute of limitations, because the statute of limitations had long since expired prior to the filing of such action. "The tolling provision does not ... 'revive' the limitations period ( *i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578 (unpublished), 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

Petitioner contends that this action is timely because he is filing a claim under *Blakely*, *supra,* a decision issued by the Supreme Court on June 24, 2004, and because the

4

prosecutor withheld exculpatory DNA and fingerprint evidence establishing that another person was the killer involved in this case. *See State v. Trewartha*, 165 Ohio App.3d 91 (Ohio App. 10th Dist. October 27, 2005). Petitioner also contends that his actual innocence justifies equitable tolling of the statute of limitations. *See Petition*. None of the foregoing arguments are persuasive.

Under 28 U.S.C. §2244(d)(1)(C), the statute of limitations governing habeas corpus petitions under 28 U.S.C. §2254 and based on a "right ... newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review does not begin to run" until "the date on which the constitutional right asserted was initially recognized by the Supreme Court." *Id.* However, the United States Court of Appeals for the Sixth Circuit has held that *Blakely* is not to be retroactively applied to cases on collateral review. *United States v. Saikaly*, 424 F.3d 514, 517 n.1 (6th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005). In any event, petitioner did not file his habeas corpus petition within one year of the Supreme Court's decision in *Blakely*.

Additionally, although the statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. §2244(d)(1)(D), it was undisputed at the time of petitioner's guilty plea that it was Kevan Trewartha who actually killed the victim during the course of a robbery; it was petitioner who drove the car. *See Exhibits 3 and 4 to Return of Writ*. Pursuant to the terms of his plea agreement, petitioner agreed to testify against Trewartha at trial. *Exhibit 3 to Return of Writ*. Petitioner's own sentencing

5

memorandum indicates:

> Trewartha shot and killed Dingess at point-blank range while burglarizing Dingess' home. Other than providing Trewartha with transportation both to and from Dingess' home, Stephens did not actively participate in [illegible] Dingess' death or in the burglary of his home. Stephens did not have any of the property stolen from Dingess' home in his possession at any time, either at the time of his arrest or otherwise. The gun with which Trewartha shot and killed Dingess neither belonged to Stephens nor was it provided to Trewartha by Stephens.
>
> ... Stephens submits that while clearly guilty of abject stupidity and complicity by aiding and abetting Trewartha's criminal conduct, this Court should consider imposing a minimum sentence...

*Id.* The prosecutor summarized the facts of the case in the State's sentencing memorandum as follows:

> [Petitioner] intentionally offered to be the driver for Kevan Trewartha, who refers to himself as "Crazy Kevan." Defendant knew that Trewartha was on bond for felonious assault with a firearm, and Trewartha had made it clear that he needed money to skip town, because his attorney had told him that his prospects for success in that case were not good. Defendant was present when Trewartha was told that Herbert Dingess was a good mark for robbery. Defendant knew that Trewartha had displayed a firearm earlier in the day the homicide was completed. Defendant and Trewartha were both intoxicated. Herbert Dingess lives in the same neighborhood as defendant.... Herbert Dingess was not armed, and was surprised in his own home by late night intruders. Defendant suggested to the Whitehall Police detectives that Trewartha hoped to recover marijuana from Dingess, although there was no marijuana found in the house by police and none recovered from defendant or Trewartha. Money and jewelry were the only known proceeds of this burglary. Even after the homicide, defendant gave Trewartha a ride away from the scene, and lied for his friend when given the opportunity to

speak to the police.

*Exhibit 4 to Return of Writ.* Under the facts of this case, the Court concludes that this action is not timely under 28 U.S.C. §2244(d)(1)(D) based on the prosecutor's failure to disclose exculpatory evidence revealing that Trewartha was the gunman.

Similarly, the record fails to reflect petitioner's actual innocence sufficient to warrant equitable tolling of the statute of limitations.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*, 513 U.S. 298, 316 (1995)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." ... *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Petitioner has failed to meet this standard here. The Court notes that, as acknowledged in petitioner's sentencing

memorandum, petitioner was subject under Ohio law to conviction as an aider and abetter in the robbery and murder of the victim.

> If a conspired robbery, and the manner of its accomplishment, would be reasonably likely to produce death, each person engaged in the common design to commit the robbery is guilty with the principal killer as an aider and abettor in the homicide although not actually present at the time of the homicide, and a purposeful intent to kill by the aider and abettor may be found to exist beyond a reasonable doubt under such circumstances.

*State v. Lockett,* 49 Ohio St.2d 48 (1976)(paragraph 4 of syllabus)(affirming conviction of getaway driver convicted of aggravated murder where co-defendants shot and killed pawnbroker during the course of a robbery), *overruled on other grounds by Lockett v. Ohio,* 438 U.S. 586 (1978).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge

with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


October 19, 2009                                                                 s/Norah McCann King
                                                                                 Norah McCann King
                                                                                 United States Magistrate Judge